UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA                       DOCKET NO. 10-00200-01/02

VERSUS                                         JUDGE ROBERT G. JAMES

ROBERT E. "RED" STEVENS AND                    MAG. JUDGE KAREN L. HAYES
ARTHUR GILMORE, JR.

<u>RULING</u>

_____Pending before the Court are Defendant Arthur Gilmore, Jr.'s ("Gilmore") "Motion to Reconsider the Court's Denial of Previously Filed Rule 14 Motion to Sever" ("Motion for Reconsideration") [Doc. No. 63] and "Motion in Limine To Exclude Prejudicial Portions of Transcripts that the Government Intends to Use at Trial; or, Alternatively, Supplemental Pleading in Support of Mr. Gilmore's Motion for Reconsideration of the Court's Denial of His Previously Filed Rule 14 Motion for Severance" ("Motion in Limine") [Doc. No. 64].  Defendant Robert E. "Red" Stevens ("Stevens") joined Gilmore's Motion in Limine [Doc. No. 82].  The Government has filed an "In Globo Response to Defense Motions" [Doc. No. 76].  Additionally, the Government and Stevens have filed pre-trial memoranda briefing the issues of the admissibility of transcripts at trial and whether the recordings should be admitted in their entirety.  *See* [Doc. Nos. 65 & 71].

        For the following reasons, Gilmore's Motion for Reconsideration is DENIED, and Gilmore's Motion in Limine, joined by Stevens, is DENIED.  Stevens' objections to the presentation of transcripts to the jury and request that the recordings be submitted in their entirety are DENIED.

**A.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Gilmore and Stevens are charged in a two-count Indictment with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and the Hobbs Act, 18 U.S.C. § 1951.  Gilmore and Stevens have served as elected councilmen on the five-member Monroe City Council.  The Government contends that both Defendants assisted a cooperating witness ("CW") in specific matters coming before the City of Monroe in exchange for cash payments and other consideration.

With regard to Count 1, the Government contends that beginning sometime in 2006 and continuing until on or about December 17, 2009, Stevens and Gilmore violated RICO by knowingly and unlawfully conducting and participating, directly and indirectly, in the affairs of the enterprise of the City of Monroe through a pattern of racketeering activity.  Stevens and Gilmore are accused of taking and promising to take actions favorable to individuals and organizations with business before the City of Monroe in exchange for cash and other things of present or prospective value. Count 1 identifies five predicate acts of racketeering upon which the RICO charges against Stevens are based and four predicate acts of racketeering upon which the RICO charges against Gilmore are based.[1]

_____

[1]The Indictment charges:

(1)      Beginning on or about February 21, 2008, and continuing through February 28, 2008, Stevens committed public bribery by accepting and offering to accept $1,000.00 from the CW for assisting the CW in specific matters pending before the Board of Adjustments;

(2)      Beginning on or about February 14, 2008, and continuing through March 27, 2008, Gilmore committed public bribery by accepting and offering to accept

With regard to Count 2, based on the same factual allegations, the Government contends

that, beginning sometime in 2006 and continuing until on or about December 17, 2009, Defendants

---

$1,000.00 and other valuable consideration from the CW for assisting the CW in specific matters coming before the City of Monroe;

(3)   Beginning on or about April 2, 2008, and continuing through March 2, 2009, Gilmore committed public bribery by accepting and offering to accept a reduced purchase price for land from the CW for assisting the CW in specific matters coming before the City of Monroe;

(4)   Beginning on or about June 10, 2008, and continuing through June 19, 2008, Stevens committed public bribery by accepting and offering to accept $500 from the CW for assisting the CW in specific matters coming before the City of Monroe;

(5)   On or about July 1, 2008, Gilmore committed public bribery by accepting and offering to accept $230.00 from the CW for assisting the CW in specific matters coming before the City of Monroe;

(6)   Beginning on or about December 6, 2008, and continuing through December 18, 2008, Stevens committed public bribery by accepting and offering to accept $800 from the CW for assisting the CW in specific matters coming before the City of Monroe;

(7)   Beginning on or about March 25, 2009, and continuing through April 7, 2009, Stevens committed public bribery by accepting and offering to accept $3,000.00 from the CW for assisting the CW in specific matters coming before the City of Monroe;

(8)   Beginning on or about August 25, 2009, and continuing through August 28, 2009, Gilmore committed public bribery by accepting and offering to accept $207.00 from the CW for assisting the CW in specific matters coming before the City of Monroe; and

(9)   Beginning on or about December 11, 2009, and continuing through December 17, 2009, Stevens committed public bribery by accepting and offering to accept $1,000.00 for assisting the CW in specific matters coming before the City of Monroe.

[Doc. No. 1, Count 1, Section F].

3

violated the Hobbs Act by obtaining property not due to them by extortion, which was induced under color of official right.

In support of the charges against Gilmore and Stevens, the Government relies on secret recordings made by the CW while working with and for the Government.  There are no recordings of the CW meeting with both men at the same time.  Rather, in each recording, the CW met with one of the Defendants.  However, in some of the recordings, the CW and the Defendant with whom he is meeting make statements about the other Defendant.

In Defendants' previously filed Motion to Sever, they argued that a joint trial would be prejudicial because the statements made by the CW and one Defendant about the other Defendant raised concerns under *Bruton v. United States*, 391 U.S. 123 (1968), and the Sixth Amendment.  The Court denied the Motion to Sever, concluding that statements made by Stevens and Gilmore in their separate conversations with the CW were non-testimonial and thus do not violate the other Defendant's Sixth Amendment rights under the Confrontation Clause, as interpreted in *Crawford v. Washington*, 541 U.S. 36 (2004).  [Doc. No. 54].  Additionally, Stevens' and Gilmore's statements were not confessions which facially inculpate the other Defendant (i.e., without reference to other evidence) and thus do not violate *Bruton*.  *Id.*  Finally, statements by the CW also do not violate *Bruton*.  *Id.*  The Court declined to reach the parties' dispute as to whether Stevens' and Gilmore's statements in their separate conversations with the CW are admissible as the statements of co-conspirators.  FED. R. EVID. 801(d)(2)(E) ("[A] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.").  However, to the extent that Defendants contend that the statements

4

of Gilmore, Stevens, or the CW should be excluded at trial under the Federal Rules of Evidence, the Court invited them to file a motion in limine prior to trial.   The Court also stated that it would consider any redaction and/or limiting instructions.

Along with his pre-trial submissions, Gilmore filed the pending Motion in Limine and Motion for Reconsideration.   Stevens joined in the Motion in Limine and filed a Pre-Trial Memorandum.  As noted, the Government has responded to all of Defendants' filings.

**B.   LAW AND ANALYSIS**

**1.   Motion in Limine[2]**

Gilmore has identified portions of the transcripts of the recordings and the bases upon which he objects to the admission of the recordings and accompanying transcripts.[3]  Primarily, Gilmore argues that portions of the recordings are inadmissible because they violate Defendants' Sixth Amendment rights under the Confrontation Clause.  *See Crawford*, 541 U.S. 36; *see also Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009) (holding that evidentiary rules cannot overcome a defendant's right under the Confrontation Clause).  However, Gilmore also asserts that portions of the recordings contain inadmissible hearsay, are irrelevant, are unfairly prejudicial, or would otherwise result in an unfair trial.

The Government opposes the Motion in Limine.  The Government notes that most of the

---

[2]Although Gilmore filed his Motion for Reconsideration prior to his Motion in Limine, that motion is offered as an alternative to the Motion in Limine.  Therefore, the Court will consider the Motion in Limine first.

[3]Although Gilmore speaks to the admission of the "transcripts," he obviously seeks the exclusion of these portions of both the recordings and the transcripts.

objected-to portions of the recordings are statements by Gilmore's Co-Defendant, Stevens, not by the CW.  The Government argues that the admission of these statements does not violate Defendants' Sixth Amendment rights under the Confrontation Clause and should not be excluded under the Federal Rules of Evidence based on hearsay, relevance, or prejudice.  To the extent that Gilmore contends that the admission of portions of the recordings would result in an "unfair trial," the Government contends that he has failed to identify any right that would be violated by their admission.

### a.  Gilmore's Objections

#### (1)  Objection #1 (Exhibit 8T-p.0010, l.13 to p.0011, l.5)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

#### (2)  Objection #2 (Exhibit 8T-p.0042, ll. 32-33)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

#### (3)  Objection #3 (Exhibit 8T-p.44, ll.5-10)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

#### (4)  Objection #4 (Exhibit 13T-p.006, ll.12-28)

Gilmore objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions,

the accused shall enjoy the right . . . to be confronted with the witnesses against him."  In *Crawford*, the Supreme Court held that "[w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."  541 U.S. at 68; *see also United States v. Ramos-Cardenas*, 524 F.3d 600, 609 (5th Cir. 2008) (". . . *Crawford* certainly prohibits the introduction of a co[-]defendant's out-of-court testimonial statement against the other defendants in a multiple-defendant trial . . . .").  For a statement to be "testimonial" within the meaning of *Crawford*, it must have been made "'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'"  *Melendez-Diaz*, 129 S. Ct. at 2532 (quoting *Crawford*, 541 U.S. at 52).[4]  As this Court has previously concluded, however, statements made by a defendant to a confidential witness, acting on behalf of the Government, are not testimonial because they are not "'made under circumstances which would lead an objective witness to reasonably believe that the statements would be available for later use at trial.'" [Doc. No. 54, p. 8 (quoting *United States v. Brown*, No. 10-100-BAJ-SCR, 2011 WL 576901, at *5 (M.D. La. Feb. 9, 2011))]; *see also United States v. Claville*, No. 07-50097-02, 2008 WL 914490, at *2 (W.D. La. Apr. 1, 2008) (relying on the definition of "testimonial statements" in *Crawford* to conclude that "surreptitious recordings are not testimonial").  Thus, to the extent that Gilmore objects under the Confrontation Clause to statements made by Stevens, his Objection is DENIED.

---

[4]In his Reply, Gilmore chastises the Government for failing to acknowledge the Supreme Court's *Melendez-Diaz* decision.  However, this case adds little to the analysis.  As the Supreme Court pointed out, *Melendez-Diaz* was a "rather straightforward application of [the] holding in *Crawford*."  129 S. Ct. at 2532-33.

Gilmore also objects to statements made by the CW.   The CW's statements are testimonial because he was aware that he was being recorded and that his statements might be used at trial. However, the introduction into evidence of the CW's statements does not violate the Confrontation Clause for a different reason:  the CW will be available to testify at trial.  *See Crawford*, 541 U.S. at 68 (the Confrontation Clause "does not bar admission of a statement so long as the declarant is present at trial to defend or explain it").   Both Defendants will be able to exercise their Sixth Amendment right to confront their accuser, the CW, and to cross-examine him.  Thus, Gilmore's Objection to the CW's statements under the Confrontation Clause is also DENIED.

Finally, to the extent that Gilmore has made a general objection that the admission of portions of the recordings and the accompanying transcripts violate his right to a "fair trial," his Objection is DENIED.   Gilmore failed to provide the Court with a citation to any statutory or constitutional right, other than his Sixth Amendment Confrontation Clause right, which is violated by the admission of these recordings.

### (5)    Objection #5 (Exhibit 13T-p.007, ll.11-14)

Gilmore objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

For the reasons stated in ruling on Objection #4, Objection #5 is also DENIED.

### (6)    Objection #6 (Exhibit 14T-p.003, ll.12-15)

Gilmore objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

First, the Government points out that Gilmore's objection is based on a prior version of the

transcript.  The portion to which he objects has been updated to read:

> STEVENS:     Alright, well I appreciate being involved.  I know you stay on, on the go.

> CW:               I, I try to.  That way, that way I stay out of trouble.

[Doc. No. 76, p. 8].  The Government contends that Defendants should have no objection to this testimony.  Gilmore did not file a reply, so it is unclear whether he maintains this objection.

To the extent that Gilmore maintains Objection #6 based on the Confrontation Clause and his undefined right to a fair trial, for the reasons stated in ruling on Objection #4, Objection #6 is also DENIED.

### (7)     Objection #7 (Exhibit 33T-p.003, l.32, to p.004, l.2)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

For the reasons stated in ruling on Objection #4, Objection #7 is also DENIED.

### (8)     Objection #8 (Exhibit 33T-p.005, ll. 8-20)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

### (9)     Objection #9 (Exhibit 53T-p. 0031, ll.29-32)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

### (10)     Objection #10 (Exhibit 65T-p.0010, ll.9-19)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

For the reasons stated in ruling on Objection #4, Objection #10 is also DENIED.

### (11)   Objection #11 (Exhibit 65T-p.0011, ll.8-30)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

For the reasons stated in ruling on Objection #4, Objection #11 is also DENIED.

### (12)   Objection #12 (Exhibit 65T-p.0012, ll.8-30)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause and under the hearsay rule.

For the reasons previously stated, the admission of this portion of the recordings does not violate the Confrontation Clause.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). If a statement is not offered for the truth of the matter asserted, it is not hearsay. Typically, statements that are "part of a reciprocal and integrated conversation" with a defendant are not hearsay because they are not offered for their truth. *United States v. Cheramie*, 51 F.3d 538, 541 (5th Cir. 1995). Instead, these statements "provide a context for the statements of the defendant." *Id.*; *see also United States v. Dixon*, 132 F.3d 192, 198 (5th Cir. 1997) (statements of an informant who refused to testify at trial were "admissible to prove that they were uttered" rather than to establish the truth and also to put the defendant's statements into context); *United States v. Guitierrez-Chavez*, 842 F.2d 77, 81 (5th Cir. 1988) (recorded statements were properly admitted "as reciprocal and integrated utterances between two parties . . . for the limited purpose of putting the response of the [defendant]

10

in context and making them intelligible to the jury and recognizable as admissions");[5] *United States v. Chaney*, 299 Fed. App'x 447, 452-53 (5th Cir. 2008) (a witness' statements were admissible as non-hearsay because they were "part of a larger context of interaction" with the defendant).

A defendant's own statements are admissible if offered against him because they are, by definition, admissions by a party-opponent and thus not hearsay.  FED. R. EVID. 801(d)(2) (An admission by a party-opponent is not hearsay if "[t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity.").  Similarly, if the defendant adopts the statements of another, in this case the CW, the statements are also non-hearsay admissions.  FED. R. EVID. 801(d)(2)(B) (An admission by a party-opponent is not hearsay if "[t]he statement is offered against a party and is . . . a statement of which the party has manifested an adoption or belief in its truth.").

 Finally, a "statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is also not hearsay.  FED. R. EVID. 801(d)(2)(E).   "The contents of the statement shall be considered but are not alone sufficient to establish the . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)."  *Id.*  Under the case law interpreting this evidentiary rule, statements of a co-defendant are admissible as co-conspirator statements, even when no conspiracy is charged, if the parties were engaged in a "joint venture."  *See United States v. Saimiento-Rozo*, 676 F.2d 146, 147 (5th Cir. 1982) ("However, it is not necessary that the conspiracy upon which admissibility of these

---

[5]"The Confrontation Clause also does not bar testimonial statements when they are offered for some purpose other than the truth of the matter asserted."  *United States v. Hidalgo*, 226 Fed. App'x 391, 399 (5th Cir. 2007).

statements is predicated be the conspiracy charged.  Nor need the conspiracy or agreement be criminal in nature; it may be in the form of a joint venture." (citations omitted)); *see also United States v. Barksdale-Contreras*, 972 F.2d 111, 115 (5th Cir. 1992) ("Indeed, the admission of evidence is valid even in the absence of a conspiracy charge, as long as the proof showed a joint venture." (citation omitted)).

Under the relevant case law, the Court finds that this portion of the recordings is admissible. The CW's statements are admissible to place Stevens' statements in context and to make the conversation understandable to the jury.  Stevens' statements are admissible against him because they are not hearsay.  Finally, the statements are admissible against Gilmore because the statements themselves evidence the joint venture between Gilmore and Stevens to advance the CW's projects and to place them before the City Council.

For these reasons, Objection #12 is DENIED.

### (13)    Objection #13 (Exhibit 65T-p.0014, l.29 to p.0015, l.12)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT**.**

### (14)    Objection #14 (Exhibit 65T-p.0020, ll.3-13)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and because it is prejudicial.

First, the Government points out that Gilmore's objection is based on a prior version of the transcript.  The portion to which he objects has been updated to read:

STEVENS:    Well . . .

12

| CW: | . . . you don't know why he does what he does. |
|---|---|
| STEVENS: | Well, now you're right, I don't and, and I don't know, Robert grandstands a lot and but . . . |
| CW: | But that's, but that's him. |
| STEVENS: | But you know, and, and that's what the scriptures say, if you, if you want to be a friend you must first show yourself friendly. |

[Doc. No. 76, p. 13].  Since the version of the transcript that Gilmore relied on stated that it was "Arthur," not "Robert," who grandstanded, the Government contends that Defendants should have no objection to this portion of the transcript.  Gilmore did not file a reply, so it is unclear whether he maintains this objection.

To the extent that Gilmore maintains Objection #14 based on the Confrontation Clause, for the reasons stated in ruling on Objection #4, Objection #14 is also DENIED.

To the extent that Gilmore has any further objection, he can raise that issue with the Court prior to or during trial.  At this time, Objection #14 is DENIED.

### (15)    Objection #15 (Exhibit 65T-p.0025, ll.5-25)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and because it is prejudicial.

To the extent that Gilmore objects based on the Confrontation Clause, for the reasons stated in ruling on Objection #4, Objection #15 is also DENIED.

According to the Government, in this conversation Stevens and the CW discussed the appointment of an interim councilman after Councilman Robert Johnson resigned because of his

13

election to a judgeship on the Fourth Judicial District Court.  Assuming that this context is established prior to the introduction of this recording, the Court finds that the admission of these statements will not violate the hearsay rule.  To the extent that the statements are offered against Stevens, they are his own statements and thus are not hearsay.  The statements of the CW provide context and may not, at least in part, be offered for the truth of the matter asserted.  Finally, the statements of Stevens may be offered against Gilmore because the appointment of an interim councilperson who would have a vote on the CW's projects further the joint venture to obtain the City Council's approval of the CW's projects.

Gilmore also contends that these portions of the recordings are inadmissible under Federal Rule of Evidence 403 because they are unfairly prejudicial.  "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, [or] by the[] rules [of Evidence] . . . ."  FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401. However, Rule 403 limits the use of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  All "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."  *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

14

emotional one."  FED. R. EVID. 403, Notes of the Advisory Committee.

In this case, the Court cannot conclude that the introduction of these statements causes unfair prejudice to Gilmore.  If anything, Stevens' statements about Gilmore indicate that he "has his own mind" and thus might or might not agree to support the person discussed for the interim councilperson position.  Objection #15 is also DENIED on this basis.

### (16)    Objection #16 (Exhibit 68T-p.0002, ll.10-21)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause and his right to a fair trial.

For the reasons stated in ruling on Objection #4, Objection #16 is also DENIED.

### (17)    Objection #17 (Exhibit 101T-p.0001-0003)

Gilmore next objects to inclusion of this portion of the recordings based on its lack of relevancy, the hearsay rule, and because it is prejudicial.

The Government responds that Gilmore is not even discussed or referred to in this telephone conversation.  According to the Government, the evidence will show that, prior to the call, Stevens met with the CW seeking money to help pay his daughter's medical bills.  The purpose of this particular call was to arrange a time when Stevens could pick up $3,000 from the CW.

The Government contends that the evidence is "extremely relevant" because it concerns the bribes which Stevens is charged with receiving.

Under these circumstances and assuming that the evidence is offered as stated, the Court finds that this portion of the recordings is clearly relevant because it makes the determination of a charge against Stevens more probable than it would be without the evidence.  Further, as Gilmore

is not even mentioned during this phone call, there can be no hearsay issue or prejudice to him.  If Gilmore is concerned about the jury's confusion of the evidence against Stevens with the evidence against him, these concerns are addressed in the jury instructions and can be further addressed if necessary.  Objection #17 is DENIED.

### (18)    Objection #18 (Exhibit 102-pp.0001-0026)

The Government states that it does not intend to use this portion of the recordings. Therefore, the Motion in Limine as to this portion of the recordings is DENIED AS MOOT.

### (19)    Objection #19 (Exhibit 102T-p.0003, ll.28-35)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and its lack of relevancy.

To the extent that Gilmore objects based on the Confrontation Clause, for the reasons stated in ruling on Objection #4, Objection #19 is also DENIED.

This portion of the recordings is again relevant to Stevens' alleged acceptance of one of the bribes with which he is charged.  Gilmore is not even discussed or referred to in this telephone conversation.  As Gilmore is not even mentioned during this phone call, there can be no hearsay issue or prejudice to him.  Thus, Gilmore's Objection #19, to the extent that it is based on hearsay and lack of relevance, is also DENIED.

### (20)    Objection #20 (Exhibit 102T-p.0010, ll.16-35)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and its lack of relevancy.

To the extent that Gilmore objects based on the Confrontation Clause, for the reasons stated

in ruling on Objection #4, Objection #20 is also DENIED.

To the extent that Gilmore objects based on hearsay, for the reasons stated in ruling on Objection #12, Objection #20 is also DENIED.

To the extent that Gilmore objects on relevancy grounds, this portion of the recordings is relevant to show Defendants' actions in bringing the CW's Sherrouse property before the City Council.  Notably, this portion of the recordings will show that Stevens is about to bring this project up right after accepting a $3,000 bribe from the CW.  Thus, Objection #20 is also DENIED on relevancy grounds.

### (21)    Objection #21 (Exhibit 102T-p.0014, l.30, to p.0015, l.20)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and its lack of relevancy.

To the extent that Gilmore objects based on the Confrontation Clause, for the reasons stated in ruling on Objection #4, Objection #21 is also DENIED.

To the extent that Gilmore objects based on hearsay, for the reasons stated in ruling on Objection #12, Objection #21 is also DENIED.

To the extent that Gilmore objects on relevancy grounds, the Court finds that the statements are relevant to establish why it has been difficult to obtain City Council approval for a project on its merits.  Objection #21 is also DENIED on relevancy grounds.

### (22)    Objection #22 (Exhibit 102T-p.0020, ll.21-35)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and its lack of relevancy.

For the same reasons stated in ruling Objection #21, Objection #22 is also DENIED.

### (23)    Objection #23 (Exhibit 129T-p.0005, ll.7-20)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, and the right to a fair trial.

To the extent that Gilmore objects based on the Confrontation Clause and the right to a fair trial, for the reasons stated in ruling on Objection #4, Objection #23 is also DENIED.

To the extent that Gilmore objects based on hearsay, for the reasons stated in ruling on Objection #12, Objection #23 is also DENIED.

### (24)    Objection #24 (Exhibit 168T-p.0002, ll.27-35)

Gilmore next objects to inclusion of this portion of the recordings based on the Confrontation Clause, the hearsay rule, its lack of relevancy as to Gilmore, and because it is prejudicial.

To the extent that Gilmore objects based on the Confrontation Clause, for the reasons stated in ruling on Objection #4, Objection #24 is also DENIED.

To the extent that Gilmore objects based on hearsay, for the reasons stated in ruling on Objection #12, Objection #24 is also DENIED.

To the extent that Gilmore objects based on lack of relevancy as to the charges against him and on the basis that the evidence is unfairly prejudicial, the Court finds that the evidence is clearly relevant evidence as to Stevens and that any prejudice to Gilmore from a spillover effect can be addressed with limiting and/or jury instructions.  Thus, Objection #24 on the bases of relevance and prejudice is also DENIED.

### b.    Stevens' Joining of the Motion in Limine

Stevens has "adopt[ed]" Gilmore's Motion in Limine and states that "for the same reasons" in Gilmore's Motion in Limine, he moves to exclude certain portions of the recordings at trial.

First, to the extent that Stevens objects to any of the specific portions to which Gilmore objected, the Court has resolved the relevance and hearsay issues as set forth above.  To the extent that Stevens objects to his own statements, the Court notes that "*Crawford* certainly prohibits the introduction of a co[-]defendant's out-of-court testimonial statement against the other defendants in a multiple-defendant trial, [but] does not signal a departure from the rules governing the admittance of such a statement against the speaker-defendant himself, which continue to be provided by *Bruton*, *Richardson* [*v. Marsh,* 481 U.S. 200, 202-03 (1987)], and *Gray* [*v. Maryland,* 523 U.S. 185, 188 (1998)]."  *Ramos-Cardenas*, 524 F.3d at 609-10 (citations omitted).  An out-of-court statement made by a defendant is typically classified under the Federal Rules of Evidence as an admission, not hearsay, and may be admitted against him.  *See* FED. R. EVID. 801(d)(2).  Thus, Stevens' own statements may be admitted at trial against him.

The Court now turns to Stevens' specific objections.  With regard to Objections #1-5 & 7,[6]

---

[6]The pertinent transcript cites are as follows:

| | |
|---|---|
| Objection #1 | Exhibit 20T, pp. 5, 6, 21, 23, 24, 27, 41, 42, 51, 53 |
| Objection #2 | Exhibit 43T, pp. 4, 5 |
| Objection #3 | Exhibit 80T, pp. 4, 13, 14 |
| Objection #4 | Exhibit 85T, pp. 3, 4 |
| Objection #5 | Exhibit 108T, p. 4 |

the Government has explained what evidence will have been provided to the jury at the time the recording is played, why those portions are relevant, and why they are not unduly prejudicial to Stevens.   Without a specific response by Stevens, the Court finds that the Government has sufficiently established the admissibility as to these portions of the recordings and accompanying transcripts.   The Court further notes that Objection #1, as it relates to Exhibit 20T, p. 53, is moot because the Government will not play this portion of the recordings.

With regard to Stevens' Objection #6 to Exhibit 145T, p. 5, the Government argues that the CW and Gilmore are discussing the fact that Dr. Reddix is running for a position on the Ouachita Parish Police Jury.   During the conversation, the CW asks whether Stevens supports Dr. Reddix. Gilmore responds that Stevens "is behind [her], me and her and [Stevens], we talked at the Denver Gardner Thomas."   [Exhibit 145T, p. 5, l.3].   The Government contends that Gilmore's statement is not hearsay, nor does its introduction into evidence violate the Confrontation Clause.

For the reasons previously discussed, the Court agrees with the Government that the statement is non-testimonial and does not violate the Confrontation Clause.   Further, to the extent that Stevens contends that the statement is hearsay, the Court has previously agreed with the Government that the statement falls under the co-conspirator exception to the hearsay rule and thus is admissible.   Accordingly, this objection is also DENIED.

For the reasons set forth above in ruling on Gilmore's specific objections and for these additional reasons, the Motion in Limine is also DENIED as to Stevens.

---

Objection #7          Exhibit 150T, p. 10

### 2.      Motion for Reconsideration

In the alternative to granting his Motion in Limine, Gilmore moves the Court to reconsider its ruling on his previously filed Motion to Sever.  Based on the redactions voluntarily undertaken by the Government, the Court's ruling on the remainder of the Motion in Limine, and for those additional reasons stated in the Court's previous Ruling, the Court finds that a joint trial will not prejudice the rights of Defendants.  Gilmore's Motion for Reconsideration is DENIED.

### 3.      Stevens' Objection to Admission of Transcripts and Request that the Entire Recordings Be Played for the Jury

Finally, the Court turns to Stevens' Pre-Trial Memorandum [Doc. No. 65].  Stevens joined Gilmore's Motion in Limine.  However, to the extent that the Court has determined that the objected-to portions of the recordings are admissible, Stevens raises two related issues: the admissibility of the transcripts of the recordings prepared by the Government and the admission of the recorded conversations in their entirety.

### a.      Admission of the Transcripts

First, citing *United States v. Onori*, 535 F.2d 938, 946-49 (5th Cir. 1976), Stevens notes that transcripts are admissible to aid the jury in understanding recordings; however, he argues that the recordings in this case are "crisp and clear" and that jurors are aided by video in identifying the speakers.  Therefore, Stevens argues that transcripts should not be presented to the jury unless the Government shows that the portions to be presented are inaudible or difficult to hear.

The Government admits that the recorded conversations in this case are of good quality, but contends that they are not perfect or easy to comprehend.  The Government notes Assistant United

21

States Attorney Griffing, Griffing's legal assistant, FBI Special Agent Chesser, and the CW spent many weeks working individually and collectively to perfect the transcripts, and Defendants were provided those updated transcripts during the past several months.  The Government notes the fact that several conversations take place in a busy restaurant, during a couple of the calls there is road noise, the CW and Defendants frequently talk over each other, and the quality of the recorded conversation depends on the distance between the recording device and the speakers.  Finally, the Government points out that the courtroom in Monroe has less-than-ideal acoustics, in part because of the large size of the room and the noise of the air conditioner.  Thus, citing Fifth Circuit Pattern Jury Instruction 1.42, the Government contends that the transcripts should be provided to the jury to aid them while they listen to the recordings and watch the videos.

On the first issue, as the Government points out, Fifth Circuit Pattern Jury Instruction 1.42 provides that transcripts may be admitted, in the Court's discretion, "for the limited and secondary purpose of aiding [the jurors] in following the content of the conversation as [they] listen to the tape recording."  However, the jurors are "specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for [them] to determine based upon [their] own evaluation of the testimony [they] have heard concerning the preparation of the transcript, and from [their] own examination of the transcript in relation to [their] hearing of the tape recording."  *Id.*  The jury is told that they should disregard the transcript if they "determine that the transcript is in any respect incorrect or unreliable."  *Id.*

"[T]he Fifth Circuit has recognized that it may be of help to the jury to allow it to read a transcript while listening to a tape recording."  *United States v. Murray*, 988 F.2d 518, 525 (5th Cir.

1993) (citing *United States v. Wilson*, 578 F.2d 67, 69 (5th Cir. 1978)). "Thus, transcripts are admissible to aid the jury in understanding a recording, **including** cases in which 'the transcript may be helpful either to identify the speakers or to understand portions which are difficult to hear.'" *Id.* (emphasis added) (quoting *Wilson*, 578 F.2d at 69) (other citations omitted).  Thus, there is no requirement that the transcripts be admitted only if the recordings are difficult to hear.  In the exercise of its discretion, the Court finds that the transcripts should be admitted to aid the jurors as they listen to the audio recordings and view the videotaped recordings.  The Court will read Fifth Circuit Pattern Jury Instruction 1.42 before the playing of the first recording and as part of the final jury instructions.

### b. Admission of the Recorded Conversations in Their Entirety

Stevens also argues that the recorded conversations should be played in their entirety under Federal Rule of Evidence 106, the Rule of Completeness.[7]

The Government notes the inconsistency of Stevens' positions in adopting Gilmore's Motion in Limine and then seeking to have the Government play the entirety of the recordings.  The Government then argues that it has chosen only, in its view, the relevant portions of the recordings to be played and that many of the recorded conversations contain irrelevant discussion about Stevens' job at Graphic Packaging and the ongoing contract negotiations, the health of another Monroe City Councilman, idle conversation between the CW and waitstaff at the Brandy House, and

---

[7]In his memorandum, Stevens' counsel admits that he "has not yet had a chance to review each recording to determine what was left out," and that, "[u]pon doing so, counsel for Mr. Stevens will supplement . . . with more specific objections."  [Doc. No. 65, p. 3].  As of today's date, no supplemental memorandum has been filed.

some conversation about other criminal activity, including other individuals the CW has bribed and other individuals who have bribed other public officials.  The Government argues that if the Government plays a recording which is taken out of context, Stevens "is free to play the entire relevant portion himself when he cross examines the CW."  [Doc. No. 71, p. 5 (citation omitted)].

Federal Rule of Evidence 106 provides:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

The purpose of Rule 106 is to "guard[] against admission into evidence of truncated statements likely to present an out-of-context picture to the jury." *United States v. Jones*, 663 F.2d 567, 571 (5th Cir. 1981).  However, Rule 106 "restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted." *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983).

In this case, the Government contends that it has identified and limited the recordings it will play at trial to those which are relevant.  Stevens contends that the remainder of the recordings should also be played, but he has failed to show that **all** of the remaining portions are relevant and that they either qualify or explain the subject matter of the portions which the Government intends to offer into evidence.  Based on the Court's review of some of the portions already stricken by the Government, they appear to be entirely irrelevant to these proceedings.  Therefore, Steven's objection under Rule 106 is DENIED, subject to his right to re-urge the playing of any additional

24

recordings during cross-examination if they are relevant and either qualify or explain the portions offered by the Government.

**C.    CONCLUSION**

For the foregoing reasons, Gilmore's Motion for Reconsideration [Doc. No. 63] is DENIED.

Gilmore's Motion in Limine [Doc. No. 64], joined by Stevens [Doc. No. 82], is also DENIED.

Stevens' objection to the presentation of transcripts to the jury and request that the recordings be submitted in their entirety are also DENIED.

MONROE, LOUISIANA, this 27th day of April, 2011.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

25